# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

2009 JAN 21 P 4:16

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | CASE NO. 3:06CR268 (PCD) |
| RICHARD ORTIZ, a/k/a "Cabessa" | |

## ORDER

Defendant seeks a reduced sentence pursuant to 18 USC § 3582(c)(2). He also claims his guideline range should be based on an offense level of 18. He argues that 18 USC § 3553(a) governs and requires a sentence that is not more than necessary for the goals of sentencing. He concedes the calculated guideline range must be considered but suggests that § 3553(a) is also to be considered. He claims he got no consideration under amendment 706, effective November 1, 2007, nor 715, effective March 3, 2008, which applied to cocaine base offense levels and effected the resulting sentencing range. He disputes a guideline calculated for cocaine base as not fully defined, claiming lenity.

There is no ambiguity in any statute under which defendant was sentenced. His original guideline level accounted for 706. He was found, however, to be a career offender with a guideline range of 262 to 327 months. He faced a gun possession sentence also. The range would not be effected by amendment 706, nor 715 which would not override a career offender mandated offense level. Nonetheless, he was sentenced on a non-guideline basis to 180 months and a concurrent gun offense sentence of 94 months. No ambiguity entitles him to a leniency reduction. His non-guideline sentence is not subject to amendments 706 or 715, nor § 3582(c) as

a non-guideline sentence is not based on a U.S.S.G. guideline range. The sentence imposed was, and is, found to be reasonable and "not greater than necessary to accomplish the goals of sentencing," thus compliant with § 3553(a).

The motion for a sentence reduction is denied.

Dated at New Haven, Connecticut, this 21st day of January, 2009.

/s/ Peter C. Dorsey, SUSDJ
_____
Hon. Peter C. Dorsey